**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY WRIGHT, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. COPYRIGHT INFRINGEMENT; |
| IT WORKS! GLOBAL, INC., a Florida corporation; and DOES 1-10, inclusive, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and |
| Defendants. | 3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202) |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Brittany Wright ("Wright"), hereby prays to this honorable court for relief based on the following:

**JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.      The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)(3) Defendants are subject to personal jurisdiction in this judicial district.

**PARTIES**

5.      Plaintiff Wright is an individual presently residing in New York.

6.      Upon information and belief, Wright alleges that Defendant It Works! Global, Inc. ("It Works!") is a Florida corporation doing business in and with this judicial district with its principal place of business located at 908 Riverside Drive, Palmetto, Florida 34221.

7.      Defendants Does 1 through 10, inclusive (collectively with It Works!, "Defendants"), are other parties not yet identified who have infringed Wright's copyrights, have contributed to the infringement of Wright's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual, or otherwise, are presently unknown to Wright, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.      Wright is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Wright's rights and the damages to her proximately caused thereby.

## CLAIMS RELATED TO WRIGHT'S PHOTOGRAPHY

9.      Wright is a well-known professional food photographer and stylist. She has worked collaboratively for brands such as Samsung, American Express, and Target, and her work has been featured in publications including *O, The Oprah Magazine*, *Conde Nast Traveler*, *Better Homes and Gardens*, and *Esquire*.

10.      Wright created and owns the original photography depicted below ("Subject Photography"):

| SUBJECT PHOTOGRAPHY |
|---|
|  |



**COMPLAINT**



11.    Wright complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Wright has registered with the United States Copyright Office.

12.    Prior to the acts complained of herein, Wright widely publicly displayed and disseminated the Subject Photography, including on her social media profiles, website, and her 2017 publication, *Feast Your Eyes*.

13.    The Subject Photography has been routinely published and displayed with attribution information and credit identifying Wright as the author and owner of the photography.

14.    Wright is informed and believed and thereon alleges that following her publication and display of the Subject Photography, Defendants, and each of them, willfully copied, reproduced, displayed, and distributed the Subject Photography for commercial purposes

including, without limitation, reproducing the Subject Photography in online posts and inducing and instructing their agents, who act at the behest of It Works!, to distribute and display the Subject Photography ("Infringing Content").

15.    Non-inclusive true and correct exemplars of Defendants' Infringing Content are attached hereto as **Exhibit A.**

16.    Upon information and belief, Wright alleges that Defendants, and each of them, had access to the Subject Photography, including through Wright's online profiles and features, publications and press featuring Wright's work, Wright's social media accounts, and/or through viewing the Subject Photography on third-party websites (e.g., X, Instagram, Pinterest, Facebook, internet search engines, etc.).

17.    Wright has not in any way authorized Defendants to exploit the Subject Photography.

18.    On or around April 6, 2025, Wright first discovered the Infringing Content.

19.    On or around June 6 2025, Wright sent a letter to It Works! demanding that it cease and desist from all publication and display of the Subject Photography, i.e, the Infringing Content. It Works! has failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

20.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

21.     Upon information and belief, Wright alleges that Defendants, and each of them, accessed the Subject Photography by, without limitation, through (a) viewing the Subject Photography in Wright's publication *Feast Your Eyes*, (b) viewing the Subject Photography online

in Wright's website and social media profiles, and (c) viewing the Subject Photography through a third-party, including as they appear on social media platforms and internet search engines. Access is additionally evidenced by the exact reproduction of the Subject Photography in the Infringing Content.

22.     Upon information and belief, Wright alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online for commercial benefit, including without limitation as depicted in the screen captures attached hereto as **Exhibit A**.

23.     Upon information and belief, Wright alleges that Defendants, and each of them, infringed her copyrights by unlawfully copying and/or creating infringing derivative works from the Subject Photography and publishing the same to the public.

24.     Due to Defendants', and each of their, acts of infringement, Wright has suffered general and special damages in an amount to be established at trial.

25.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography in an amount to be established at trial.

26.     Upon information and belief, Wright alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty

thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27.     Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28.     Upon information and belief, Wright alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

29.     Wright alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Content, and were able to supervise the publication and distribution of the Infringing Content.

30.     Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Wright has suffered general and special damages in an amount to be established at trial.

31.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography, in an amount to be established at trial.

32.     Upon information and belief, Wright alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per work infringed, and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. § 1202 – Against all Defendants, and Each)

33.     Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

34.     The Subject Photography was routinely published with attribution information including Wright's name, the title of the works, and the names of the book in which the Subject Photography appears, all of which identify Wright as the author and owner of the Subject Photography and qualify as copyright management information.

35.     Upon information and belief, Wright alleges that Defendants, and each of them, removed Wright's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, attributing it to another artist and/or source, before distributing and publishing same.

9

**COMPLAINT**

36.     Upon information and belief, Wright alleges that Defendants, and each of them, distributed and published the Subject Photography on website(s) and social media profiles, including but not limited those sites reflected in **Exhibit A** hereto bearing their own names, and removing Wright's attribution information, including, without limitation, her name and the titles of the works.

37.     The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c), and is false.

38.     When Defendants published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

39.     When Defendants published the Subject Photography, they removed Wright's copyright management information from the Subject Photography knowing or having reason to know that such removal would induce, enable, facilitate, or conceal infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

40.     As a result of the foregoing, Wright has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

## **PRAYER FOR RELIEF**

Wherefore, Wright prays for judgment as follows:

1.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Wright's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography

from any print, web, or other publication owned, operated, or controlled by any Defendants.

2. That Wright be awarded all the respective profits of Defendants, and each of them, plus all of their respective losses, plus any other monetary advantage gained by the Defendants, and each of them, through their infringements to each of the Subject Photography, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Wright's intellectual property rights;

4. That Wright be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or § 1203;

5. That Wright be awarded her costs and fees;

6. That Wright be awarded statutory and enhanced damages;

7. That Wright be awarded pre-judgment interest as allowed by law; and,

8. That Wright be awarded further legal and equitable relief as deemed proper.

## **JURY DEMAND**

Wright demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 21, 2025                    Respectfully submitted,

                                           DONIGER / BURROUGHS

                        By:     */s/ Scott Alan Burroughs*
                                Scott Alan Burroughs, Esq.
                                David M.S. Jenkins, Esq.
                                247 Water Street, First Floor

New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*